UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURI BELL, ANGELA HAYES, MARY HENDERSON, AND JULIA ROSENSTEIN, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AFFILIATED COMPUTER SERVICES, INC., ACS COMMERCIAL SOLUTIONS, INC., LIVEBRIDGE, INC., AND DOES 1 - 10,<br><br>Defendants. | Case No.: 06:09-cv-1307-AA<br><br><br>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ORDER |

This matter has come before the Court on Plaintiffs' Motion for Preliminary Approval and for the certification of a settlement class pursuant to the terms of a Settlement Agreement. Certification of the claims advanced by the settlement class will achieve a definite and certain result for the benefit of Class Members and is preferable to continuing litigation in which the Class Members would necessarily encounter substantial risk, uncertainty, delay, and cost. This Order is entered exclusively for purposes of this Settlement.

Preliminarily, this Court finds that the following terms and conditions shall apply to this Order:

1. This Order is a conditional certification for settlement purposes only. This Order is not intended to be an admission by Defendants Affiliated Computer Services, Inc., ACS

**PAGE 1 – PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ORDER**


Commercial Solutions, Inc. and/or Livebridge, Inc. (collectively "ACS") that class certification for any purpose other than settlement is proper in this Litigation or in any other litigation against ACS. ACS continues to assert that this Litigation fails to meet the prerequisites necessary for class treatment under applicable law. Plaintiffs disagree and continue to assert that the claims asserted meet the prerequisites necessary for class treatment.

    2. The Settlement resulted from extensive arm's-length negotiations, the Settlement Agreement was executed only after Plaintiffs' Counsel had conducted extensive investigation and discovery, and the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to Class Members.

    3. The Settlement Agreement pursuant to which this Order is entered contains a claims process by which Class Members may submit a Claim Form that provides for payment based on each Class Member's eligibility in one or more of the Subclasses.

In accordance with the foregoing terms, conditions and purpose, this Court ORDERS as follows:

    1. The settlement class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act. The settlement class is certified for purposes of Settlement only and as used herein consists of: Named Plaintiffs Lauri Bell, Angela Hayes, Mary Henderson and Julia Rosenstein and any ACS employees who worked as a phone agent or representative, including, but not limited to, Customer Care Assistants or Customer Care Specialists, in an Oregon call center for the "Retail, Travel, and Insurance," "BPS" or "Telecommunications and Technology" business groups from April 2, 2005 through April 25, 2012.

    2. For purposes of Settlement only, the Court preliminarily finds:

**PAGE 2 – PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ORDER**

  a. Pursuant to Rule 23(a)(1), Class Members are sufficiently numerous that joinder of all members would be impracticable.

  b. Pursuant to Rule 23(a)(2), there exist questions of law and fact that are common to the claims of the Class Members.

  c. Pursuant to Rule 23(a)(3), the claims or defenses of the Named Plaintiffs are typical of the claims of the Class Members.

  d. Pursuant to Rule 23(a)(4), that the Named Plaintiffs will fairly and adequately protect the interests of the Class Members in that (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Class, (ii) there appear to be no conflicts between or among the Named Plaintiffs and the settlement class, and (iii) the Named Plaintiffs and the settlement class are represented by qualified, reputable counsel at Bailey Pinney & Associates, LLC who are experienced in preparing and prosecuting wage and hour class actions.

  e. Pursuant to Rule 23(b)(3), questions of law or fact common to the claim or defense of the Named Plaintiffs and the claim or defense of each Class Member predominate over any question of law or fact affecting only individual Class Members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy.

3. The settlement class shall be divided into three Subclasses as follows:

  a. **Subclass A:** Class Members who were employed by ACS in Oregon as of April 25, 2012, not to exceed 2,000 individuals.

  b. **Subclass B:** Class Members who were employed by ACS in Oregon and whose employment ended at any time between November 6, 2006 and April 24,

**PAGE 3 – PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ORDER**

2012, not to exceed 13,000 individuals.

    c.    **Subclass C**: Class Members who were employed by ACS in Oregon and whose employment ended at any time between April 2, 2005 and November 5, 2006, not to exceed 5,000 individuals.

4.    The "Class Period" as used herein means the period of time from April 2, 2005 through and including April 25, 2012.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints Named Plaintiffs Lauri Bell, Angela Hayes, Mary Henderson and Julia Rosenstein as the Class Representatives.

6.    The Class certified for settlement purposes pursuant to this Order consist of claims arising from the following conduct, irrespective of the particular common law, statutory or equitable doctrine or theory advanced in support of the claim or claims:

    a.    wages allegedly not fully and timely paid on termination of employment;

    b.    failure to pay all earned regular wages; and

    c.    failure to pay overtime wages;

7.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following counsel as Class Counsel: A.E. Bud Bailey, J. Dana Pinney, Karen A. Moore, and Chey K. Powelson of the law firm of Bailey Pinney & Associates, LLC. The attorneys at the Bailey Pinney law firm are capable of fairly and adequately representing the interests of the Class Members, in that they have done extensive work identifying or investigating potential claims in the action. The Bailey Pinney law firm is experienced in handling class actions and claims of the type asserted in the Litigation; is knowledgeable of the applicable law; and has committed the necessary resources to represent the Settlement Class.

**PAGE 4 – PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ORDER**

8. The Parties have agreed, subject to Court approval, to a proposed form of Notice of Class Action Settlement, which is exhibit 1 to the Settlement Agreement. With respect to such form of Notice, the Court finds that such form of notice meets the requirements of due process and provides the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Parties have agreed, subject to Court approval, to proposed detailed notice procedures as outlined in the Settlement Agreement for providing notice to Class Members. The Court finds that the notice procedures in the Settlement Agreement are fair, adequate and reasonable for providing the best notice practicable to Class Members. The Court appoints Kurtzman Carson Consultants as "Claims Administrator" to administer the Settlement in accordance with this Order and the requirements set forth in the Settlement Agreement.

10. Any Class Member who wishes to object to the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Plaintiffs may file an Objection. Objectors or their attorneys intending to appear at the Final Approval Hearing must include a statement with the objection that they intend to appear at the Final Approval Hearing. Any objector or their counsel who does not timely file and serve a written objection complying with the requirements in the Settlement Agreement shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

11. A hearing is scheduled for October 22, 2012 ("Final Approval Hearing") to determine, among other things:

    a. Whether the Settlement should be given final approval as fair, reasonable and adequate;

**PAGE 5 – PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ORDER**

      b.     Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement;

      c.     Whether Class Counsel's request for an award of attorneys' fees, costs and expenses should be approved; and

      d.     Whether the incentive awards to Plaintiffs should be approved.

12.     The Court reserves the right to continue the Final Approval Hearing without further written notice.

13.     The Court finds that the deadlines and timing of events as detailed in the Settlement Agreement are fair, reasonable and adequate. The Court incorporates those deadlines and the timing of events detailed in the Settlement Agreement in this Order as if each were set forth herein.

14. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate and to resolve any and all disputes arising thereunder.

      IT IS SO ORDERED.

Dated: July 13, 2012.

BY THE COURT:

_____
The Honorable Thomas M. Coffin
United States District Court Judge