**J. Dana Pinney,** OSB 753088
E-Mail:  JDPinney@Wagelawyer.com
**A. E. Bud Bailey**, OSB 871577
E-Mail:  BBailey@Wagelawyer.com
**Karen A. Moore**, OSB 040922
E-Mail:  KMoore@Wagelawyer.com
**Bailey, Pinney & Associates, LLC**
2401 SE 161st Court, Suite C
Vancouver, WA 98683
Tele: (360) 567-2551
Fax: (360) 567-3331
         Attorneys For Plaintiffs and Settlement Class

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **LAURI BELL, ANGELA HAYES, MARY HENDERSON AND JULIA ROSENSTEIN**, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**AFFILIATED COMPUTER SERVICES, INC.,** a Delaware corporation, **ACS COMMERCIAL SOLUTIONS, INC.**, a Nevada corporation, **LIVEBRIDGE, INC**., an Oregon corporation, and **DOEs 1 - 10**,<br><br>                    Defendants. | Case No.: 6:09-CV-1307-AA<br><br>PLAINTIFFS' MEMORANDUM SUPPORTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF GENERAL JUDGMENT<br><br>Fed. R. Civ. P. 23<br><br>Oral Argument Requests (Telephonic)<br><br>Date:  October 24, 2012<br>Time:  10:00 am<br>Hon. Thomas M. Coffin |

I.      INTRODUCTION

The proposed Settlement provides substantial benefits to the Class and is the product of aggressive litigation of Class Counsel to obtain the best possible result for the Class Members. Of significance, no Class Members submitted or filed any objections to the Settlement. Plaintiffs requests that the Court grant final approval of the Settlement, thereby:

Page 1 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

1. directing that Settlement Awards be distributed to Approved Claimants;

2. awarding attorneys' fees and costs,

3. awarding the Class Representatives' incentive awards; and

4. all other payments from the Settlement Amount as detailed in the Settlement Agreement.

Because there were no objections to the Settlement, the Court should find that the Settlement is fair, reasonable, adequate, and in the best interest of the Class. Accordingly, final approval should be granted.

## II.    PRELIMINARY APPROVAL

At the Preliminary Approval Hearing on July 13, 2012, the Court granted the Motion for Preliminary Approval of this settlement. The court approved the Notice of Class Action Settlement and Release of Claims; appointed Class Representatives, designated Class Counsel, appointed Kurtzman Carson Consultants ("KCC") as Claims Administrator, and set time lines for the Notice and Claim procedures to effectuate the Settlement.

## III.    SETTLEMENT AMOUNT

The settlement is for a total of $4,500,000.00. There were 18,915 Settlement Class Members eligible to participate in the settlement. The Class Settlement Amount is allocated as:

1. $2,565,000.00 to Class Members based on the subclass designations and which class members submit a valid and timely claim form;
2. $100,000.00 as estimated costs for Administration;
3. $1,750,000.00 for attorney fees and costs; and
4. $85,000.00 to the Plaintiffs as Incentive Awards.

### A.    APPROVED CLAIMANT COMPENSATION

Those Class Members who did not request exclusion and who submitted a Claim Form as required by the Settlement Agreement and explained in the Notice are defined as Approved

Page 2 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

Claimants.  See Settlement Agreement ¶ 2.3 (ECF # 79).  Those Approved Claimants will receive a Net Settlement Award depending on which subclasses each individual is eligible for based on Defendants' employment and payroll records.

### B.   ATTORNEYS' FEES AND COSTS

Plaintiffs requests attorneys' fees and costs in the amount of $1,750,000.00 to be paid from the Settlement Amount.  Of significance, the payment of attorney fees and costs from the Settlement Amount does not reduce or affect any award to Class Members or the Plaintiffs.

### C.   CLASS REPRESENTATIVE ENHANCEMENTS

In addition to the Net Settlement Awards paid to Approved Claimants as provided in the Settlement Agreement, Class Representatives, Lauri Bell, Mary Henderson and Julia Rosenstein, each request an incentive award of $25,000.00.  Also, Plaintiffs request that the estate of Plaintiff Angela Hayes receive $10,000.00 as an incentive award.  These awards takes into consideration the risk, time, effort, and expenses incurred by the Named Plaintiffs in coming forward to litigate this matter on behalf of all Class Members.   Further, none of these payments will reduce or affect the amount to be paid to Approved Claimants.

### D.   FAIRNESS OF SETTLEMENT

Fairness of the settlement is further demonstrated by risks of further litigation through certification, summary determination hearings, and potentially trial.  The fairness of the Settlement is further demonstrated by no Class Member submitting any objections to the Settlement.

## IV.   NOTICE, CLAIMS, EXCLUSION AND OBJECTION PROCEDURES

Pursuant to the Court's Order of July 13, 2012, KCC sent the Notice and Claim Form to each Class Member via first-class mail.  The name, last known address, and social security

Page 3 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

number of each Class Member was provided by Defendants.  KCC further searched the United States Postal Service National Change of Address database for any new addresses on file.  KCC also performed searches by social security number on any returned mail that did not contain a forwarding address.  KCC followed up with additional mailings after updating addresses as a result of returned mail.  See, Declaration of Stefanie Gardella re Notice Procedures filed herewith.

Class Counsel has continued to communicate and corresponded with KCC and defense counsel to:

1. obtain the most current claims reports,
2. confirm receipt of the Notice and forms,
3. answer questions regarding the settlement and claims procedure
4. obtain a status of disputed claims, and
5. resolve any and all class member issues.

Class Counsel, through their own efforts and their staff, along with KCC, have made every effort to Class Member inquiries were answered and remailings of the Notice and Claim Form were timely handled.  On behalf of KCC, Stefanie Gardella, the person designated to coordinate administration, has provided a declaration detailing the procedures used by KCC to comply with the Court's preliminary approval order and the terms of the Settlement.

In summary, the Notice and Claim Form were mailed on or about August 2, 2012, to all Class Members.  Gardella Dec. ¶ 9.  Class Members were eligible to submit a Claim Form, request exclusion, file an objection to the Settlement, or had the option of doing nothing.  If the Court grants final approval, the Approved Claimants (Class Members who submit a valid and timely Claim Form) will receive a Net Settlement Award in accordance with the terms of the Settlement.  As of October 17, 2012, there have been 6,070 approved claims and only 12

Page 4 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Requests for Exclusion or approximately 0.06% of the Class Members. See Gardella Dec ¶ 19 and exhibits C and D.

## V.   FINAL SETTLEMENT APPROVAL IS APPROPRIATE AND ENTITLED TO A PRESUMPTION OF FAIRNESS

Pursuant to Federal Rules of Civil Procedure, "a class action shall not be dismissed or compromised without the approval of the Court, and notice of the proposed dismissal or compromise shall be given to all members of the Class in such manner as the Court directs ***." FED. R. CIV. P. 23(e). In deciding whether to grant final approval to a proposed class action settlement under Rule 23(e), the Court's overriding concern is whether the proposed settlement is "fair, adequate, and reasonable." *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied* 459 U.S. 1217 (1983).

In practical terms, the settlement of a class action follows three parts: 1) Preliminary approval of the proposed settlement; 2) Notice to Class Members, and 3) a Final Approval hearing at which evidence and argument may be heard on the fairness, adequacy and reasonableness of the settlement. The Court has given preliminary approval of the settlement, Notice has been sent to all Class Members, and the claims procedure has been completed.

To prevent fraud, collusion or unfairness to the Class, the settlement or dismissal of a class action requires Court approval. The purpose of the requirement is the protection of those Class Members, including the named Plaintiffs, whose rights may not have been given due regard by the negotiating parties. *Id.* at 624. The trial court has broad powers to determine whether a proposed settlement in a class action is fair. A presumption of fairness exists where:

1. The settlement is reached through arm's length bargaining;
2. Investigation and discovery are sufficient to allow counsel and the Court to act intelligently;

Page 5 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

  3. Counsel is experienced in similar litigation; and

  4. The percentage of objectors is small.

*Officers for Justice*, 688 F.2d at 625.

  At the Final Approval Hearing, the Court should consider the relevant factors, such as the strength of the Plaintiffs' case, the risk, expenses, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant and the reaction of the Class Members to the proposed settlement. *Id.*

  **A. THE SETTLEMENT WAS REACHED THROUGH ARM'S LENGTH NEGOTIATIONS**

  This settlement was reached through arms length negotiations with the aid of the Honorable Thomas M. Coffin.

  **B. THE STATUS OF THE CASE ALLOWS THE COURT TO RULE INTELLIGENTLY ON THE FAIRNESS OF THE SETTLEMENT**

  After nearly two (2) years of litigation, which included three (3) mediations, the parties reached a settlement.

  Throughout this litigation, Defendants denied and continue to deny any and all liability and that a class should not be certified. For purposes of resolving this case, Defendants have agreed to the Settlement. Furthermore, Defendants and Plaintiffs were in a legitimate dispute over various defenses available to Defendants. Defendant was faced with the prospect of lengthy and expensive litigation against experienced Class Counsel.

Page 6 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

On the other hand, while Class Counsel was ultimately confident in the merits of its legal position, Plaintiffs were put in the position of negotiating a settlement at this juncture or face years of litigation to achieve a verdict that may not have been collectible for additional numerous years due to potential appellate issues. The Plaintiffs after consulting with Class Counsel determined that a settlement in the sum agreed upon was in the best interests of the Class.

C.     **CLASS COUNSEL IS EXPERIENCED AND ENDORSES THE SETTLEMENT**

Experienced counsel, operating at arm's length, has weighed all of the foregoing factors and endorses the Settlement. As Courts have explained, the view of the attorneys actively conducting the litigation, is "entitled to significant weight." *Fisher Bros. v. Cambridge- Lee Industries, Inc.,* 630 F.Supp. 482, 488 (E.D. Pa. 1985); *see also Ellis*, 87 F.R.D. at 18; *Boyd*, 485 F.Supp. at 616-17.

Class Counsel has experience not only in class action litigation, but specifically in wage and hour class actions. *See* Declaration of J. Dana Pinney filed in support of Plaintiffs' motion for Preliminary Approval of Class Action Settlement. (ECF # 78). Class Counsel are experienced and qualified to evaluate the Class claims and viability of the defenses. *Id.* The recovery for each Class Member is reasonable, given the risks inherent in litigation and the defenses asserted. This settlement is fair, adequate and reasonable and in the best interests of the Class. *Id*.

D.     **NO OBJECTIONS HAVE BEEN MADE TO THE SETTLEMENT**

As required by the Court's Preliminary Approval Order and the Settlement Agreement, Class Members were sent the Notice using the most reasonable means available to reach the Class Members. The Notice contained simple instructions on how to submit a Request for

Page 7 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

Exclusion. The Notice also provided simple instructions on how and where to serve any objections to the Settlement. While 12 Class Members requested exclusion from the case and settlement, no objections were filed. Based on the overwhelming approval of the Class Members, the goals set forth in the Settlement Agreement have been achieved. Consequently, the Settlement should be given final approval.

## VI. AN AWARD OF ATTORNEYS' FEES AND COSTS IS REASONABLE

Class Counsel's application for an award of attorneys' fees and costs is in an amount of $1,750,000.00. The amount of attorney fees and costs Class Counsel requested was explicitly stated on the first page in the Notice to all Class Members. See Gardella Dec. Ex. A. Each Class Member had an opportunity to object to the amount of Class Counsel's fees. There were no objections to the attorney fees and costs requested.

Courts have long recognized the "common fund" or "common benefit" doctrine, under which attorneys who create a common fund or benefit for a group of persons may be awarded their fees and costs to be paid out of the fund. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). "[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003) (*quoting Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S. Ct. 745 (1980)). *See also*, 4 A CONTE & H. NEWBERG, NEWBERG ON CLASS ACTIONS ("NEWBERG") § 14.6 (4th ed. 2007).

The common fund approach appears to be the preferred method of awarding fees. The Ninth Circuit embraced the common fund principle when it stated:

> Since the Supreme Court's 1885 decision in *Central Railroad & Banking Co. of Ga. v. Pettus*, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), it is well settled that the lawyer who creates a common fund is allowed an extra reward, beyond that which he has

Page 8 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit. The amount of such a reward is that which is deemed 'reasonable' under the circumstance.

*Paul, Johnson, Alston & Hunt v. Gaulty*, 886 F.2d 268, 271 (9th Cir. 1989) (citations omitted.)

For Class Counsel, the fees here were wholly contingent in nature and the case presented far more risk that the usual contingent fee case for an individual plaintiff. There was the prospect of the enormous cost inherent in class action litigation, as well as a long battle with a large corporate defendant who retained a premier defense firm in this case. Class Counsel risked not only a great deal of time, but also a great deal of expense to ensure the successful litigation and ultimate settlement of this action on behalf of all Class Members.

Included in the Attorney Fee Award requested are all of the costs and expenses of litigation in this case. Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters. *See, Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Class Counsel respectfully requests that the Court enter the proposed General Judgment awarding $1,750,000.00 as attorney fees and costs.

## VII.    THE CLASS REPRESENTATIVE INCENTIVE AWARDS ARE REASONABLE

The Class Representatives, Lauri Bell, Mary Henderson and Julia Rosenstein, each request an incentive award of $25,000. On behalf of Named Plaintiff, Angela Hayes, Plaintiffs request an incentive award of $10,000.00 to be paid to Ms. Hayes' spouse. See ORS 652.190. The Notice to all Class Members advised them that these awards would be requested at the final approval hearing. See Gardella Dec. Ex. A. There were no objections regarding the incentive awards to the Class Representatives. An award to the Class Representatives will not diminish the payments to Approved Claimants.

Page 9 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

This amount is proper because of the named Plaintiffs' involvement in this litigation for nearly two (2) years. The Class Representatives also reviewed thousands of pages of documents produced by Defendants through litigation in this case, and in preparation for the formal mediations. Furthermore, the Class Representatives were available for all three (3) mediations and attended the final mediation in Eugene, Oregon. All of the Plaintiffs, including Ms. Hayes, significantly contributed to the Plaintiffs' litigation and ultimate settlement of this case.

Courts have routinely granted approval of settlements containing such incentive awards. "Incentive" awards are given to advance public policy, and to compensate class representatives for their time, effort, and inconvenience. *See In re Dun & Bradstreet Credit Services*, 130 F.R.D. 366 (S.D. Ohio 1990). Incentive awards, which serve as premiums over and above any claims-based recovery from the Settlement Amount, are routine and proper, and promote the public policy of encouraging individuals to undertake the commitment and responsibility of representative lawsuits. "Courts routinely approve incentive awards to compensate named Plaintiffs for the services they provide and the risks they incur during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001).

This litigation has resulted in a valuable benefit to thousands of Class Members who are getting paid from this settlement because of the named Plaintiffs, and the incentive awards should be awarded for this commitment and dedication to the litigation. Each Plaintiff rejected individual settlements in favor of pursing a Class Action Settlement. The Plaintiffs always put the interests of the Class before their own interests. Accordingly, the incentive awards are fair and reasonable.

## VIII.  CONCLUSION

Page 10 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

Therefore, Plaintiffs respectfully request the Court to grant final approval of the Class Action Settlement, as the settlement provides substantial benefit to the Class Members. Plaintiffs request that the Court find that the Settlement and Notice procedures are fair, reasonable, and adequate. The standard for final approval has been met. Thus, the Court should enter the proposed General Judgment.

DATED: October 19, 2012          **Bailey, Pinney and Associates, LLC**

    /s/ Karen A. Moore
KAREN A. MOORE, OSB 040922
KMoore@Wagelawyer.com
(360) 567-2551
Attorney for Plaintiffs and Settlement Class

Page 11 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served the foregoing **PLAINTIFFS' MEMORANDUM SUPPORTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTRY OF GENERAL JUDGMENT** upon:

    Clarence M. Belnavis
    Fisher & Phillips, LLP
    111 SW Fifth Ave, Suite 1250
    Portland, OR 97204
    Fax:  (503) 242-4263
        Attorney for Defendants

by the following indicated method(s):

[X]    by electronic mailing through the CM/ECF system, in accordance with Fed. R. Civ. P. 5(d), on October 19, 2012.

**LOCAL RULE 7-2 WORD-COUNT CERTIFICATION**

    This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains less than 3,000 words, including headings, footnotes, and quotations, but excluding the caption, signature block and any certificates of counsel.

    DATED:  October 19, 2012        **Bailey, Pinney and Associates, LLC**

                                                          /s/ Karen A. Moore
                                                        KAREN A. MOORE, OSB 040922
                                                        KMoore@Wagelawyer.com
                                                        (360) 567-2551
                                                        Attorney for Plaintiffs and Settlement Class

Page 12 – Plaintiffs' Memorandum Supporting Motion for Final Approval of Class Action Settlement and Entry of General Judgment.

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
2401 SE 161st Court, Suite C • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331