# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LAURI BELL, ANGELA HAYES, MARY HENDERSON, AND JULIA ROSENSTEIN, individually and on behalf of all other persons similarly situated,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>AFFILIATED COMPUTER SERVICES, INC., ACS COMMERCIAL SOLUTIONS, INC., LIVEBRIDGE, INC., AND DOES 1 - 10,<br><br>                                    Defendants. | Case No.: 06:09-cv-1307-AA<br><br><br><br>**GENERAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before this Court on the Plaintiffs' Motion for Final Approval of Settlement and Request for Award of Attorney Fees, Costs and Expenses, and Incentive Awards to the Plaintiffs ("Final Approval Motion").

WHEREAS, the class action pending before the Court entitled *Bell, Hayes, Henderson, and Rosenstein, individually and on behalf of all others similarly situated v. Affiliated Computer Services, Inc., ACS Commercial Solutions, Inc. and Livebridge, Inc.,* case no. 06:09-CV-1307-AA. ("Litigation" or "class action");

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Plaintiffs as the Class Representatives, on the one hand, and Affiliated Computer

Page 1 – **GENERAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Services, Inc., ACS Commercial Solutions, Inc. and Livebridge, Inc. ("ACS"), on the other hand, and has considered the terms of the proposed settlement set forth therein;

WHEREAS, all terms contained herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein;

WHEREAS, on July 13, 2012, the Court entered its order preliminarily approving the Settlement of this class action, approving the form and method of notice, and setting a date and time for a final approval hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order further directed that all Class Members be given notice of the Settlement and of the date for the final fairness hearing;

WHEREAS, the Court has received a declaration of Stefanie Gardella on behalf of Kurtzman Carson Consultants, LLC ("KCC"), the appointed Claims Administrator, attesting to Notice mailing and processing procedures in accordance with the Preliminary Approval Order and Settlement Agreement;

WHEREAS, the Court having considered all timely filed objections to the Settlement; and

WHEREAS, the Court having conducted a final fairness hearing on October 24, 2012, and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court has jurisdiction over the subject matter of this action, Plaintiffs, all Class Members, who have not timely requested exclusion, and Defendants.

2.      In accordance with Rule 23 of the Federal Rules of Civil Procedure, the Fair

Page 2 – **GENERAL JUDGMENT AND ORDER OF DISMISSAL WITH**
       **PREJUDICE**

Labor Standards Act and the requirements of due process, all Class Members have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the Parties, the Settlement Agreement, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the Fair Labor Standards Act and any other applicable law.

     3.     The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and the Fair Labor Standards Act because it is fair, adequate, and reasonable to those it affects; resulted from extensive good-faith arm's length negotiations between the parties; and is in the public interest considering the following factors:

          (a) the strength of the Plaintiffs' case;

          (b) the risk, expense, complexity and likely duration of further litigation;

          (c) the risk of maintaining class action status throughout the trial;

          (d) the amount offered in settlement;

          (e) the extent of discovery completed, and the stage of the proceedings;

          (f) the experience and views of counsel;

          (g) the presence of a governmental participant; and

          (h) the reaction of the class members to the proposed settlement.

Page 3 – **GENERAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow

sufficient discovery and genuine arms-length negotiation are presumed fair. *Hanlon v. Chrysler*

*Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).

4.      The Final Approval Motion is hereby GRANTED, and the Settlement Agreement

is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of

the Settlement Agreement are hereby determined to be fair, reasonable and adequate, for the

exclusive benefit of the Class Members. The Parties and Claims Administrator are directed to

consummate the Settlement Agreement in accordance with its terms.

5.      The Court APPROVES payment of the Settlement Amount in accordance with

the terms of the Settlement Agreement.

6.      The Court AWARDS payment of Class Representative Incentive Awards to Lauri

Bell, Mary Henderson, and  Julia Rosenstein in the amount of $25,000.00 each and to Plaintiff

Hayes' estate and/or beneficiaries in the amount of $10,000.00.

7.      The Court AWARDS payment of attorneys' fees and costs to Class Counsel in the

amount of $1,750,000.00.

8.      The plan for allocation of the Settlement Amount is hereby APPROVED as fair,

adequate, and reasonable. The Settlement Amount shall be distributed in accordance with the

terms and deadlines of the Settlement Agreement and any further orders of this Court.

9.      The Litigation is DISMISSED WITH PREJUDICE and without costs to any

Party, other than as specified in the Settlement Agreement and this Order.

10.      In consideration of the Settlement Amount, and for other good and valuable

consideration, each Class Members, who did not submit a timely and valid request for exclusion

shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and

Page 4 – **GENERAL JUDGMENT AND ORDER OF DISMISSAL WITH**
            **PREJUDICE**

discharged all Released Claims against the Released Parties in accordance with the Settlement Agreement.

11.     Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Settlement Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and/or the Settlement, and the administration of claims by Approved Claimants.

12.     This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED**.

Dated this 24 day of Oct , 2012.

BY THE COURT:

_____

The Honorable Thomas M. Coffin
United States Magistrate Judge

Page 5 – **GENERAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**